UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARE ONE MANAGEMENT, LLC et al.

       Plaintiffs,
  v.

STATE OF CONNECTICUT, DIVISION OF
CRIMINAL JUSTICE, OFFICE OF CHIEF
STATE'S ATTORNEY,

       Respondent.

3:15-mc-00172 (CSH)

June 20, 2017

## ORDER ON PLAINTIFFS' SECOND MOTION TO COMPEL

HAIGHT, Senior District Judge:

    Plaintiffs in this action are a group of fifty-two sub-acute care, long term nursing care, and assisted living healthcare facilities located in New Jersey, Connecticut, and Massachusetts, and the entities that manage and own them. Respondent Division of Criminal Justice, Office of Chief State's Attorney, is an agency of the executive branch of the government of the State of Connecticut. Plaintiffs filed the present Motion to Compel Compliance with Order of the United States District Court (Doc. 13), seeking an order compelling Respondent to comply with this Court's Order (Doc. 8), an order which compelled compliance with a subpoena (Doc. 15, Ex. 1) issued by the United States District Court for the District of New Jersey.

    Plaintiffs assert that Respondent's productions to date have been incomplete and inadequate, and that Respondent has yet to conduct "a thorough and adequate search for responsive documents." Plaintiffs' Brief, Doc. 14 at 10. Plaintiffs ask the Court to order production of all documents responsive to the New Jersey subpoena, "including, but not limited to, all email communications

-1-

referring or relating to [Plaintiffs] and/or their complaints of sabotage and vandalism, and any arrest warrants or arrest warrant applications, including drafts," as well as an affidavit of compliance describing Respondent's efforts to identify responsive documents. Doc. 13 at 2. Respondent objects to this motion, on the grounds that, (1) Plaintiffs already possess the documents in question; and (2) no responsive documents exist. Respondent's Brief, Doc. 17 at 1.

I.      **BACKGROUND**

Plaintiffs are currently engaged in litigation with certain national and local labor unions, pending in the U.S. District Court for the District of New Jersey as CARE ONE MANAGEMENT, LLC et al. v. UNITED HEALTHCARE WORKERS EAST, SEIU 1199 et al, No. 2:12-cv-6371-SDW-MCA.

In July 2012 a series of strikes were held at a number of Connecticut facilities owned and operated by Plaintiffs. Plaintiffs contacted Respondent in 2012 to report acts of sabotage and vandalism at facilities affected by these labor disturbances, and an investigation into these claims was initiated. *See* Memorandum in Support of Plaintiffs' First Motion to Compel, Doc. 1-1 at 2. The instant subpoena was issued on February 20, 2014 by Plaintiffs' New Jersey counsel. *See* Doc. 15, Ex. 1. The subpoena seeks broad production of all documents and communications in Respondent's possession which relate to the parties to the New Jersey litigation.

Respondent's first production was described by an accompanying March 26, 2014 letter (Doc. 15, Ex. 2) from Assistant State's Attorney Michael Proto : "the documents enclosed fully reproduce our file . . . except that we have excluded four documents over which we claim law enforcement and work product privileges." Doc. 15-2 at 2. That claim of privilege resulted in Plaintiffs' initial recourse to this Court, in their First Motion to Compel (Doc. 1).

In addition to demanding production of the four withheld documents, Plaintiffs' First Motion to Compel (Doc. 1) specifically noted that Respondent had "failed to confirm the existence of draft arrest warrants or documents relating to the preparation of such warrants, as requested by the subpoena." Doc. 1 at 2. Respondent did not oppose the First Motion to Compel, and, in a January 14, 2016 electronic Order (Doc. 8), this Court granted that motion. In response to that Order, Respondent provided a second round of production, accompanied by a January 27, 2016 letter (Doc. 15, Ex. 3) from Supervising Assistant State's Attorney JoAnne Sulik, and consisting of "the four withheld documents sought in [Plaintiffs'] motion to compel." Doc. 15, Ex. 3.

Taking those two productions together, Plaintiffs then had Respondent's complete case file as to the investigation of the 2012 labor disturbances at Plaintiffs' Connecticut facilities. Attorney Sulik's letter also includes the following paragraph, addressed to the issue of arrest warrants:

> In my letter of September 18, 2015, I wrote that no arrest warrant application(s) was drafted in this matter. In your motion, you indicated that I did not represent that no arrest warrants were drafted. There may be some confusion regarding terminology or procedure. If a law enforcement officer has probable cause to believe that a criminal offense has been committed and that a particular individual committed that offense, he or she may draft an application for an arrest warrant. In Connecticut, that is done by completing a standardized form. That application is presented to a judge. If the judge finds probable cause, he or she checks a box on the application form to that effect and, thus, authorizes the arrest. A sample is enclosed.

*Id.*

Following the second production, Plaintiffs deposed two law enforcement officers of the State of Connecticut who had been involved in both the investigation of the labor disturbance and in the production of documents related to that investigation. These depositions gave Plaintiffs reason to believe that Respondent's search for responsive documents was limited to a request for the

case file, and that the case file may not contain all responsive documents in Respondent's possession.[1] Plaintiffs alerted Respondent to this development, and asked for further production, in a letter dated March 21, 2016. Doc. 15, Ex. 6. Plaintiffs renewed this request on April 22, 2016. *See* Doc. 15, Ex. 7. Attorney Sulik replied on April 27, 2016, and asked Plaintiffs to "forward the relevant portions of the transcripts . . . so that I may better conduct our search for additional materials." Doc. 15, Ex. 8. Before providing the transcripts, Plaintiffs asked Respondent to execute an acknowledgment of the Stipulated Confidentiality Order in place as to the New Jersey litigation. Doc. 15, Ex. 9.

On May 19, 2016, Respondent provided an executed confidentiality acknowledgment, along with a third round of production, accompanied by a letter from Attorney Sulik. Doc. 15, Ex. 11. According to that letter, the third production consisted of "several additional documents that we have identified as potentially responsive to [the] subpoena." *Id.* at 5. Having received the executed confidentiality acknowledgment, Plaintiffs provided Respondent with the requested transcripts on May 19, 2016. Doc. 15, Ex. 11. Plaintiffs contacted Respondent on June 6, June 21, and July 6, 2016, inquiring as to the status of the search for additional documents, and received no response. Doc. 15, Ex. 12. In Plaintiffs' July 6 email, they informed Respondent that, if no response was received by July 8, 2016, Plaintiffs would seek further recourse from the Court. As far as the Court can see from the record, following the May 19, 2016 production, Respondent did not respond to

---

[1] *E.g.*, according to the deposition of Supervisory State's Attorney and Director of the Medicaid Fraud Control Unit Christopher Godialis, Attorney Sulik asked Attorney Godialis for the case file, but did not provide him with the subpoena, nor inform him that a subpoena was the reason for her request. Doc. 15, Ex. 5 at 6-8 ("I was not aware of the reason why she was looking for [the case file], simply that she was."). Godialis obtained the case file for Attorney Sulik, but made no further search for responsive documents that might not be included in that file. *Id*. at 8-9. When asked by Plaintiff counsel whether he "put a copy of every e-mail that you sent about a matter in the case file?", Godialis answered in the negative. *Id.* at 9.

Plaintiffs until November 2016. In its brief in opposition to this Motion, filed November 29, 2016 Respondent counsel indicates that, in making the May 2016 production, she "failed to notice and, therefore, did not provide three attachments to those e-mails. One of the documents attached to the e-mails, however, previously was delivered to plaintiff's counsel on January 27, 2016. The remaining two attachments are being forwarded to counsel for the plaintiff under separate cover." Respondent Brief, Doc. 17 at 2.

## II. STANDARD FOR MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Procedure, if a party who is served with discovery resists or objects to such discovery, the serving party, "[o]n notice to other parties and all affected persons, . . . may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party resisting discovery bears the burden of showing why a discovery request should be denied." *Jacobs v. Connecticut Comty. Technical Colls.*, 258 F.R.D. 192, 195 (D.Conn. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). *See also EDO Corp. v. Newark Ins. Co.*, 145 F.R.D. 18, 24 (D. Conn. 1992) ("It is axiomatic that the party objecting to a discovery request bears the burden of demonstrating that discovery should not be allowed.") (citing *Eglin Federal Credit Union v. Cantor, Fitzgerald Secur. Corp.*, 91 F.R.D. 414, 419 (N.D. Ga.1981)).

The party resisting discovery may object on such grounds as the requested evidence is "irrelevant, overly broad or unduly burdensome." Charles A. Wright, et al., 8A Federal Practice & Procedure § 2174, at 297 (2d Ed. 1994). To prevail, however, the objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Compagnie Française D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum*

*Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Rather, the objecting party must demonstrate "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (internal citations and quotations omitted).

In general, an order compelling discovery is rendered after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case. *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 27 (D. Conn. 2003). *See also Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir.1996), *reh'g and reh'g en banc denied*, 213 F.3d 365 (7th Cir. 2000) ("a district court should independently determine the proper course of discovery based upon the arguments of the parties"). "A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Favale v. Roman Catholic Diocese of Bridgeport*, 233 F.R.D. 243, 245-46 (D. Conn 2005) (citing *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) and Fed. R. Civ. P. 26(b)(2)). "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *Favale*, 206 F.R.D. at 246 (quoting *Yancey v. Hooten*, 180 F.R.D. 203, 207 (D. Conn.1998)).

### III.   DISCUSSION

Pending before the Court is Plaintiffs' Motion to Compel Respondent to make further

response to the New Jersey subpoena (Doc. 15, Ex. 15) and the prior Order of this Court (Doc. 8). Specifically, Plaintiffs seek an order from the Court compelling (1) production of all responsive documents, including, but not limited to, all email communications referring or relating to Plaintiffs and/or their complaints of sabotage and vandalism, and any arrest warrants or arrest warrant applications, including drafts; and (2) an affidavit of compliance describing in detail all efforts that were made to search for and identify responsive documents. Doc. 13 at 2. Respondent objects to this motion, on the grounds that, (1) Plaintiffs already posses the documents in question, and (2) no responsive documents exist. Doc. 17 at 1.

As mandated by Local Rule 37(a), prior to filing this motion to compel, Plaintiffs' counsel "conferred with opposing counsel and discussed the discovery issues . . . in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." Loc. R. Civ. P. 37(a). Plaintiffs' New Jersey counsel, Meghan Meade, provides an affidavit, supporting the instant Motion to Compel, and attesting to her good faith efforts to confer with Respondent counsel. Meade Affidavit, Doc. 16. As detailed further *supra*, Plaintiffs' counsel alerted Respondent to the suspected deficiencies in production via a letter of March 21, 2016. Doc. 15, Ex. 6. Respondent was slow to respond, but Plaintiffs diligently pursued the issue, and, at Respondent's request, provided Respondent with the transcripts of the depositions which had led Plaintiffs to believe that the earlier productions had been incomplete. *See* Doc. 15, Exs. 8, 9, 11, 12, Doc. 16. Such good faith attempts were to no avail; after receiving the transcripts, purportedly requested to aid in a search for responsive documents, Respondent ceased all communication with Plaintiffs. *See* Doc. 15 at 8, Doc. 16. Having reached no agreement, Plaintiffs seek redress from this Court.

While the direct object of Plaintiffs' First Motion to Compel (Doc. 1) may have been the four documents withheld from Respondent's first production under the law enforcement and work product privileges, Respondent's obligation to comply with this Court's prior Order (Doc. 8) does not end with the production of those four documents. The depositions of Attorney Godialis and Inspector Haddad, in combination with Respondent's third production of incomplete email correspondence chains, raise reasonable questions as to the adequacy of Respondent's production in this matter. At no time, in either its direct communication with Plaintiffs or its filings with this Court, has Respondent attested that it has made an adequate search for responsive documents.

The Court is satisfied that Respondent has failed to fully comply with the prior Order (Doc. 8) of this Court, and that Plaintiffs are entitled to further discovery in compliance with the New Jersey subpoena and that Order. The Court is further convinced that Plaintiffs' request for an affidavit of compliance is reasonable here, where Respondent failed, in the first instance, to conduct an adequate search for responsive documents, and further failed to negotiate the discovery dispute in good faith, as evidenced by Respondent's complete lack of direct communication between May 19, 2016 and November 29, 2016, despite Plaintiffs' documented good faith efforts.

The Court appreciates the many demands placed on Respondent as a State law enforcement agency. Compliance with discovery requests relating to out-of-state civil litigation to which Respondent is not a party must compete with Respondent's numerous other obligations, in service to the people of Connecticut, many of which obligations may appear more pressing. Nonetheless, full and prompt compliance with an order of this Court is an obligation that Respondent must meet. An affidavit of compliance, as requested by the instant motion, will give both Plaintiffs and the Court confidence that Respondent is taking this discovery request seriously, and understands its

continuing obligation to comply with orders of this Court.

Given that orders compelling discovery may be tailored to the circumstances of the case, *Security Ins. Co. of Hartford*, 218 F.R.D. at 27, the Court modifies Plaintiffs' prayed-for order. Indeed, the Court is obligated, by the Federal Rules of Civil Procedure, to limit the extent of further discovery if it determines that the discovery sought would be unreasonably cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C).

With these considerations in mind, the Court places the following limitation on the extent of discovery compelled by this Order: Respondent is under no obligation to repeat its recitations regarding the non-existence of arrest warrants, draft arrest warrants, or documents relating to such hypothetical warrants. Prior to Respondent's January 26, 2016 letter, accompanying Respondent's second production, Plaintiffs may have had genuine reason to believe that Respondent was in possession of draft arrest warrants, though Respondent had earlier declared that no arrest warrant applications were drafted in relation to this matter. However, in the January 2016 letter, quoted at some length, *supra*, Respondent clarified for Plaintiffs that, in Connecticut, an application for an arrest warrant and an arrest warrant are one and the same document, the application being converted to a warrant by the authorization of a judge. Doc. 15, Ex. 3. Further, Respondent's brief in opposition to the instant motion sets the matter to rest in the clearest of terms: "no arrest warrant affidavits or applications were drafted in this matter." Doc. 17 at 5. Requiring Respondent to make further attestations as to the non-existence of arrest warrants, draft arrest warrants, or related documents would clearly be both duplicative and cumulative.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 8) is GRANTED AS MODIFIED. This Court orders Respondent to (1) produce all responsive documents, including, but not limited to, all email communications referring or relating to Plaintiffs and/or their complaints of sabotage and vandalism; and (2) provide an affidavit of compliance describing in detail all efforts that were made to search for and identify responsive documents. Respondent is under no obligation to repeat its attestations as to the non-existence of responsive arrest warrants, draft arrest warrants, or related documents. Respondent is ordered to comply with the subject request for production and serve all responsive documents and affidavit of compliance on Plaintiffs no later than **Friday, July 14, 2017**.

It is SO ORDERED.

Dated: New Haven, Connecticut
      June 20, 2017

                                               */s/ Charles S. Haight, Jr.*
                                               Charles S. Haight, Jr.
                                               Senior United States District Judge